United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41665
Summary Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEONARDO GOMEZ-MORALES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-484-1
--------------------

Before REAVLEY, BARKSDALE and GARZA, Circuit Judges.

PER CURIAM:[*]

     Leonardo Gomez-Morales appeals his conviction and sentence

for violating 8 U.S.C. § 1326(a) and (b) by being found in the

United States, without permission, following both his conviction

for an aggravated felony and subsequent deportation.

     Gomez-Morales argues that the district court erred in

considering his prior, uncounseled misdemeanor conviction of

aiding and abetting an illegal alien in assessing his criminal

history points.  He contends that his waiver of the right to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel in that case was invalid because the district court failed to inform him that an indigent defendant is entitled to court appointed counsel free of charge. Gomez-Morales has not met his burden of showing that the waiver of counsel was invalid. See Iowa v. Tovar, 124 S. Ct. 1379, 1390 (2004).

Gomez-Morales also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He asks us to vacate his conviction and sentence, reform the judgment to reflect a conviction only under 8 U.S.C. § 1326(a), and remand his case for resentencing under that provision. Gomez-Morales acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). He seeks to preserve his argument for further review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

The judgment of the district court is AFFIRMED.